## CLAPP BROS. & CO. v. HALLIDAY BROS.

MORTGAGES: *Accepting mortgage reciting prior mortgage. Liability.*

A mortgagee who accepts a mortgage which recites a prior mortgage of the same property, and provides for its payment, is estopped to deny the existence of the prior mortgage, or the validity of its lien, though it be not acknowledged and recorded as required by the statutes; but he does not, by his acceptance, assume the payment of the first mortgage above the value of the mortgaged property which he receives.

APPEAL from *Chicot* Circuit Court, in Chancery.
Hon. J. M. BRADLEY, Judge.

*J. G. B. Simms*, for appellants.

1. Appellees' mortgage was void as to appellants, even with actual notice. (*33 Ark., 203 ; 42 ib., 141; 22 ib., 136 ;*) and it is no lien against them. *40 ib., 539.*

Appellants did not assume to pay appellees' debt, but only intended to protect themselves, by providing that they should be allowed to retain the amount of appellees' debt, as against Baker & Carico, in addition to what they might owe appellants.

The curative act of 1883 can have no bearing upon this case, since appellants' money was paid out upon the strength of the law *as it then stood*, and no subsequent act of the legislature can make good against them, that which was then void. Distinguishes *44 Ark., 373*, from the present case.

*D. H. Reynolds*, for appellees.

Appellees' mortgage was cured by *acts of 1883; 43 Ark., 420; 44 ib., 365.*

By accepting the mortgage with the provision in it for the benefit of appellees, appellants became liable to pay the amount due. *71 N. Y., 28.*

SMITH, J.   Baker & Carico mortgaged the same growing crop of cotton, first to Halliday Brothers, and afterwards to Clapp Brothers & Co.   The acknowledgment of the first mortgage was defective, the word "consideration" being omitted in the officer's certificate.   But the second mortgage contained this clause of reference: "And we (Baker & Carico) do further agree, that, whereas, on the 21st day of June, 1880, we executed a mortgage to Messrs. Halliday Brothers, of Cairo, Illinois, on the eighteen acres of cotton then being grown by us on the Leland plantation, in Chicot county, being the same eighteen acres heretofore conveyed to the said Clapp Brothers & Company, to secure to the said Halliday Brothers the payment of three hundred and fifteen dollars and fourteen cents, on the 10th day of December, 1880, now, the said Clapp Brothers & Company are hereby directed to charge to our account the said sum of $315.14, and out of the first moneys which may be passed to our credit with them, from any source whatever, to set aside said sum of $315.14, as an indemnity to them against said mortgage."

Clapp Brothers & Company brought replevin for the cotton after it had been gathered.   Halliday Brothers intervened and claimed priority.   The cause was transferred to equity without objection.   There an amended interplea was filed, in which it was alleged that the plaintiffs had already received from Baker & Carico moneys, far in excess of the demand of the intervenors, and it was therefore sought to hold the plaintiffs personally liable.   The plaintiffs interposed a demurrer to the interplea, which was overruled, and, as they declined to plead further, judg-

1. Mortgages.

ment was given against them for the principal and interest of the debt due Halliday Brothers. It was further decreed that the net proceeds of the cotton, amounting to $240.60, be paid over to Halliday Brothers, and credited on the judgment. Clapp Brothers & Company have appealed.

By accepting a mortgage which recited the first mortgage, and provided for its payment, the plaintiffs had estopped themselves to deny the existence of that mortgage and the validity of its lien. *Jones on Chattel Mortgages, 2d Ed., sec. 488.*

Liability of junior mortgagee. Whether the plaintiffs are personally liable for the debt due Halliday Brothers depends on the answer to be given to this question: Have they expressly assumed to pay it, or have they merely taken their mortgage subject to the prior incumbrance? Theirs was not an absolute purchase of the property in which the amount of the incumbrance was retained out of the price to be paid, but a mere security, in which they reserved the privilege of appropriating out of any funds of the debtors that might come to their hands, a sufficient sum to pay off the elder mortgage, and of crediting themselves, in their account with these debtors, with the sum so appropriated.

The purpose of the clause was indemnity to Clapp Brothers & Co., in case they should pay off an existing incumbrance, and not to impose an obligation for the benefit of Halliday Brothers, or for the relief of Baker & Carico.

The decree will be modified so as to confine the relief to the value of the cotton in controversy.