## A. J. EATON *vs.* ALBERT TUSON.

Worcester.    October 4. — 21, 1887.    C. ALLEN & HOLMES, JJ., absent.

On October 12, A. made to B. a mortgage of "all the personal property described in a mortgage given by me to C.," reciting that "said mortgage has never been discharged, and said C. still holds the same," and covenanting that said property was free from all incumbrances, "except so far as the aforesaid mortgage may be an incumbrance thereon." On October 13, A. made to B. another mortgage of "the same property described in a mortgage from grantor to grantee," dated October 12, "and said property is subject to the incumbrances mentioned in said prior mortgage to grantee." On October 17, A. made to B. a third mortgage of "all the personal property previously mortgaged to grantee by mortgage dated October 13, to which reference is had for a description," and covenanting that the property was free from all incumbrances, "except a mortgage to C. upon which there is nothing owing or due, and two prior mortgages to grantee." *Held*, that the mortgage of October 17 only conveyed to B. the mortgagor's right of redemption from the mortgage to C., and was subject to the mortgage to C., although the latter mortgage had not been recorded.

TORT, for the conversion of a lot of furniture. Answer, a general denial. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

On December 13, 1880, one William T. Carroll mortgaged to the defendant the furniture in question, specifically describing it, to secure the payment of a promissory note for $47 and interest, in three days from date. This mortgage was never recorded.

On October 12, 1883, said Carroll made a mortgage to the plaintiff, to secure the payment of $50 in six months, containing the following description: "All the personal property described in a mortgage given by me to Albert Tuson to secure the payment of a note given by me to said Tuson, December 13, 1880, for forty-seven dollars, payable in fifty-five days after date; and

said Tuson still holds said note, and said mortgage has never been discharged, and said Tuson still holds the same." The mortgagor covenanted that said goods and chattels were free from all incumbrances, " except so far as the aforesaid mortgage may be an incumbrance thereon," and warranted " against all persons except as aforesaid." This mortgage was duly recorded on the same day.

On October 13, 1883, Carroll made another mortgage to the plaintiff to secure the payment of $50 in one year, with this description : " The same property described in a mortgage from grantor to grantee, recorded with Worcester city registry of mortgages of personal property, October 12, 1883, and said property is subject to the incumbrances mentioned in said prior mortgage to grantee." The mortgagor covenanted that said goods and chattels were " free from all incumbrances except as aforesaid ; " and warranted " against all persons except as aforesaid." This mortgage was recorded upon the day of its date.

On October 17, 1883, Carroll made another mortgage to the plaintiff, containing this description : " All the personal property previously mortgaged to grantee by mortgage dated October 13, 1883, and recorded with Worcester city mortgages of personal property, to which reference is had for a description." The covenant in this mortgage is as follows : " And I hereby covenant with the grantee that I am the lawful owner of the said goods and chattels ; that they are free from all incumbrances, except a mortgage to Albert Tuson, upon which there is nothing owing or due, and two prior mortgages to grantee ; that I have good right to sell and convey the same as aforesaid ; and that I will warrant and defend the same against the lawful claims and demands of all persons." The condition in this mortgage is as follows : " Provided nevertheless that if I, or my executors, administrators, or assigns, shall pay unto the grantee, or his executors, administrators, or assigns, the sum of twenty-five dollars, on demand from this date, with interest semiannually at the rate of six per cent per annum, and shall also pay all former notes and mortgages, as also one note of even date herewith, signed by me, whereby I promise to pay to the grantee or order the said sum and interest at the times aforesaid, shall both be void." This mortgage was recorded on October 18, 1883.

The plaintiff, on October 18, 1883, gave to Carroll a notice of his intention to foreclose the last recited mortgage. The notice and affidavit of the service were recorded on October 19, 1883.

The plaintiff, in October, 1883, went to the dwelling-house of Carroll, took possession of said property, and appointed Frances C. Carroll, wife of William T. Carroll, his agent to care for said property.

On December 11, 1883, the defendant procured a replevin writ, in which writ the defendant was named as plaintiff and Frances C. Carroll was named as defendant, and caused the same to be served, and the property described in the mortgages aforesaid to be taken thereon.

There was no evidence of the conversion of said property by the defendant, except that the officer replevied it on said replevin writ; and it was in evidence that no demand was ever made upon the defendant by the plaintiff for said property before the bringing of this action.

It also appeared in evidence, that the defendant recovered judgment in the Central District Court of Worcester on August 23, 1884, in an action upon said note for the sum of $51.23. It appeared that a greater part of said sum was due when said replevin writ was sued out by the defendant; and that the defendant procured said writ for the purpose of enforcing his right against said property under his mortgage, and for the purpose of foreclosing said mortgage and applying the proceeds of said sale toward the payment of the debt thereby secured.

The defendant contended, and asked the judge to rule, that a demand upon him for said property before bringing this action was necessary; that this action could not be maintained; and that the title, if any, which the plaintiff took under his several mortgages, was subject to the prior mortgage of the defendant, which was then in force between the parties.

The judge ruled that the plaintiff's title was subject to the unrecorded mortgage of the defendant, and that, upon the whole evidence, the action could not be maintained; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Bancroft*, for the plaintiff.

*F. W. Blackmer & E. H. Vaughan*, for the defendant.

FIELD, J. The question in this case is whether the plaintiff's title was subject to the unrecorded mortgage of the defendant. The first two mortgages given to the plaintiff, we think, clearly purport to convey to the plaintiff the property, subject to the mortgage to the defendant; or, in other words, only to convey the mortgagor's right of redeeming the property from the mortgage to the defendant. The third mortgage to the plaintiff is of " all the personal property mortgaged to grantee by mortgage dated October 13, 1883, and recorded with Worcester city mortgages of personal property, to which reference is had for a description." The mortgage dated October 13, 1883, is made expressly subject to the incumbrances mentioned in the prior mortgage of October 12, 1883, and the mortgage to the defendant is an incumbrance expressly mentioned in this mortgage of October 12, 1883. The mortgage of October 17, 1883, therefore, only conveyed to the plaintiff the mortgagor's right of redemption from the mortgage to the defendant. The case is governed by *Tuite* v. *Stevens*, 98 Mass. 305, *Howard* v. *Chase*, 104 Mass. 249, and *Pecker* v. *Silsby*, 123 Mass. 108.

*Exceptions overruled.*