## REIDMILLER *v*. COMES.

### Opinion delivered March 26, 1923.

MORTGAGES—PRIORITY.—Where two mortgages on the same land were executed on the same day, the one first recorded has priority, under Crawford & Moses' Dig., § 7381, even though its caption recites that it is "Second Mortgage with Power of Sale, Realty," and the caption of the other mortgage is "Mortgage with Power of Sale, Realty."

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

#### STATEMENT OF FACTS.

John R. Comes brought this suit in equity against Joseph Reidmiller, F. D. Brockington, W. H. Bruce and George W. Vance, to foreclose a mortgage on real estate.

Joseph Reidmiller took a mortgage on the same real estate, to secure an indebtedness to him, which he claimed was a superior lien to the mortgage of the plaintiff, and asked for a foreclosure of the same.

It appears from the record that on August 16, 1920, W. H. Bruce and George W. Vance executed their promissory note for $325 to F. D. Brockington, and, to secure the payment of the same, executed a mortgage on the forty acres of land in controversy. Before the note became due, Brockington transferred it for a valuable consideration, together with a mortgage given to secure it, to John R. Comes. Default has been made on the principal and interest of said note.

George W. Vance and W. H. Bruce also executed a mortgage on the same land to Joseph Reidmiller on the 16th day of August, 1920, to secure the payment of $1,184.40, which they owed him, and no part of this indebtedness has been paid. The mortgage of G. W. Vance and W. H. Bruce to F. D. Brockington was filed for record on the 18th day of August, 1920, at eight o'clock a. m., and was duly recorded. The mortgage of these same parties to Joseph Reidmiller on the same land was filed for record on the same day at eleven o'clock a. m., and duly recorded.

The caption of the mortgage of Vance and Bruce to F. D. Brockington contains a heading as follows: "2nd Mortgage with Power of Sale, Realty." The mortgage of these parties to Reidmiller contains a caption as follows: "Mortgage with Power of Sale, Realty." The two mortgages appear to have been written on the same kind of printed forms.

It was the contention of Reidmiller that, although his mortgage was filed subsequent to that of Brockington, it was a superior lien because of the caption to Brockington's mortgage. On the other hand, the plaintiff, who is the assignee of the Brockington mortgage, contends that his mortgage is a superior lien. Hence this lawsuit.

The chancellor found the issues in favor of the plaintiff, and a decree was entered accordingly. The defendant, Reidmiller, has duly prosecuted an appeal to this court.

*M. H. Dean,* for appellants.

The sole question is whose mortgage constitutes a prior lien, it being insisted that appellant's does. The mortgages were executed and filed for record on the same day, and the one securing the note assigned to appellee shows on its face to be a "second mortgage," and he was also informed of this fact when he purchased the note at a discount. *Bland* v. *Fleeman,* 58 Ark. 84; *Miller* v. *Fraley,* 23 Ark. 744; 19 R. C. L. 196.

*Strait & Strait,* for appellee.

The mortgage securing appellee's note was filed for record before appellant's mortgage, and constitutes a prior lien. Sec. 7381, Crawford & Moses' Digest; *Mitchell* v. *Badgett,* 33 Ark. 287; *Thornton* v. *Findley,* 97 Ark. 432; *Oates* v. *Walls,* 28 Ark. 214; *Turman* v. *Bell,* 54 Ark. 273. Nor is there any such reference to or recital of a prior mortgage in mortgage securing note sued on by appellee as affects the lien thereof. Neither would actual notice to appellee of a prior unrecorded mortgage affect his security. *Smead* v. *Chandler,* 71 Ark. 517; *Leonard* v. *Flood,* 68 Ark. 168; *Ringo* v. *Wing,* 49 Ark. 105; *Jacoway* v. *Gault,* 20 Ark. 190; *Main* v. *Alexander,* 9 Ark. 112.

HART, J., (after stating the facts). Sec. 7381 of Crawford & Moses' Digest provides that every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before.

In the construction of the statute this court has held that, between conflicting mortgages, the one first filed for record will have priority. *Mitchell* v. *Badgett,* 33 Ark. 387. This court has also held that, by accepting a mortgage which recites the first mortgage and provides for its payment, the second mortgagee, whose mort-

gage has been first filed for record, estops himself to deny the existence of said mortgage and the validity of its lien. *Clapp Bros. & Co.* v. *Halliday Bros.*, 48 Ark. 258, and *Rose* v. *Million,* 147 Ark. 530.

Counsel for Reidmiller invoke this rule of estoppel in the instant case. We do not think, however, it has any application under the facts presented by the record. The recitation in the caption or heading of the Brockington mortgage that it is a second mortgage is far from being a recital that it was made subject to the mortgage on the same property to Reidmiller. Both mortgages appear to have been executed on the same day and on the same kind of printed form, and it may be that the mortgage to Reidmiller was executed first, but, as we have already seen, under our statute, between conflicting mortgages the one first filed for record will have precedence, in the absence of a recital that it is made subject to another mortgage on the same property.

It follows that the decree will be affirmed.