### McFADDIN *v.* BELL.

Opinion delivered May 4, 1925.

1. MORTGAGES—RECITAL OF PRIOR INCUMBRANCE.—A general recital in a mortgage or conveyance that it is made subject to incumbrances against the property does not estop the mortgagee or grantee from attacking the validity of the incumbrances.

2. MORTGAGES—RECITAL OF INCUMBRANCES.—Before a mortgagee or grantee will be estopped to deny the validity of a prior incumbrance by recitals in his conveyance, they must amount to a recognition on his part that the outstanding incumbrances are valid, and nothing short of a certain and definite reference to the particular incumbrance will evidence an intention to recognize it.

3. MORTGAGES—RECITAL OF INCUMBRANCES.—Recitals in a mortgage that it is taken subject to all mortgages against it on record amount to a recognition by the mortgagee that such mortgages as were on record where prior valid liens on the land, and preclude the mortgagee from pleading the statute of limitation.

Appeal from Sevier Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

 *E. F. McFaddin,* for appellant.
 *W. C. Rodgers,* for appellee.

HUMPHREYS, J.  This suit was brought in the chancery court of Sevier County by appellee against C. W. Wright to foreclose a mortgage upon a certain 160-acre tract of land in said county, executed by Wright and his

wife to her on January 12, 1916, to secure a note for $1,200, payable January 12, 1917. The mortgage was recorded in April, 1916.

Appellant, who was made a party defendant in the suit because he claimed the land free of the mortgage under purchase from M. E. Sanderson, trustee in bankruptcy of the estate of C. W. Wright, filed an answer denying the material allegations in the bill, and a crossbill alleging that appellee was barred from foreclosing the lien under §§ 7382 and 7408 of Crawford & Moses' Digest.

The cause was submitted to the court upon the pleadings and an agreed statement of facts, which resulted in a finding that appellee's mortgage constituted a valid and subsisting lien paramount to the claim of appellant, and a decree foreclosing same, from which is this appeal.

The facts necessary to a determination of the only question raised on the appeal are as follows: On January 12, 1916, C. W. Wright and his wife executed a mortgage on said tract of land to secure a note in the sum of $1,200, due one year after date. Thereafter he made two $45 payments upon the note, one on July 1, 1918, and the other on March 4, 1920, but these payments were not indorsed on the margin of the record where the mortgage was recorded. C. W. Wright was adjudged a bankrupt, and, under the order of the court, he executed a quitclaim deed conveying this and all other lands owned by him to M. E. Sanderson, who had been appointed trustee in bankruptcy for his estate. The lands, including the 160-acre tract, were sold, and appellant became the purchaser of them at the sale. The deed was executed to him on August 18, 1922, by the trustee in bankruptcy, which contained two recitals that are determinative of the issue involved on this appeal.

The first recital appears in the preamble of the deed, and is as follows: "Said E. F. McFaddin, trustee, buying the real estate subject to all mortgages against it, on record."

The second recital appears in the *habendum* clause of the deed, and is as follows: "The said E. F. McFaddin, trustee, taking the property subject to the mortgages against it, but not personally assuming any of such indebtedness."

Appellant contends for a reversal of the decree upon the ground that the deed secured by the mortgage was barred as to third parties, because the payments made by the mortgagor were not indorsed on the margin of the record as required by §§ 7382 and 7408 of Crawford & Moses' Digest.

Appellee admits that appellant is a third party to the mortgage, and that, prior to the institution of the suit, sufficient time had elapsed under the statute of limitations to prevent the foreclosure of the mortgage against a purchaser of the land, who had not estopped himself by the assumption or recognition of the mortgage. Appellee insists, however, that appellant recognized this mortgage by the recitals in the deed which he accepted, and that, by such recognition, he estopped himself from pleading the statute of limitations.

The rule of law is that a general recital in a mortgage or conveyance to the effect that the instrument is made subject to the incumbrances against the property does not estop a mortgagee or grantee from attacking the validity of such incumbrances. The doctrine is that, before the mortgagee or grantee will be estopped to deny the validity of prior incumbrances upon land by recitals in the conveyance, they must amount to a recognition on his part that the outstanding incumbrances are valid, and that nothing short of a certain and definite reference in some way to particular incumbrances thereon will evidence an intention on his part to recognize such incumbrances. *Clapp Brothers* v. *Halliday Brothers*, 48 Ark. 258; *Arkansas National Bank* v. *Boles*, 97 Ark. 43; *Kay* v. *Castleberry*, 99 Ark. 118; *Reidmiller* v. *Comes*, 158 Ark. 21. The recitals in the deed to appellant from the trustee in bankruptcy should be read together so that

both may stand, if possible. The first clause specifically referred to mortgages on record, meaning mortgages on record which were valid, subsisting obligations between the original parties to the mortgage. The second clause, standing alone, made no reference to any particular mortgage so as to identify it, but, when read in connection with the first clause, meant mortgages of record good between the original parties. There is no conflict between the two clauses, the latter relates to the first and was intended as a mere repetition of the first. When the two clauses are read together and given their proper meaning, they amount to a recognition on the part of appellant of the mortgage in question as a valid lien upon the land.

No error appearing, the decree is affirmed.

McCULLOCH, C. J., (dissenting). My conclusion is that the recital in the deed under which appellant holds, with respect to prior mortgages, was general, not specific, and did not constitute a recognition of the continued existence and efficacy of the mortgage to appellee. The acceptance of the deed by appellant with that recital in it did not therefore remove the statute bar nor constitute a new point from which the statute began to run.

WOOD, J., joins in this dissent.