HANEY *v.* HOLT.

Opinion delivered April 22, 1929.

*Claude B. Brinton,* for appellant.

*Joe C. Barrett,* for appellee.

HART, C. J., (after stating the facts). The record shows that the mortgage given by S. H. Haney to H. H. Holt was never recorded or filed for record. The mortgage from S. H. Haney to W. H. Haney was properly acknowledged and filed for record. Hence it is first contended that the Haney mortgage was a superior lien to the Holt mortgage. In making this contention, counsel for appellant (defendant below) rely upon our mortgage statute to the effect that the filing or recording of a chattel mortgage is essential to its validity as against third persons, even though the subsequent mortgagee has actual notice of the execution of the first mortgage. In other words, they rely upon the rule laid down in *Thornton* v. *Findley,* 97 Ark. 432, 134 S. W. 627, 33 L. R. A. (N. S.) 491, and numerous other decisions of this court, to the effect that, as between conflicting mortgages, the one first filed for record will have priority.

We do not think that rule has any application under the facts in the present case. In 11 C. J., § 393, page 650, it is said that a recital in a mortgage that it was made subject to another will postpone it thereto, without regard to questions affecting priority of record. Numerous cases are cited in support of the text, and among them is *Ghio* v. *Byrne,* 59 Ark. 280, 27 S. W. 243. In that case the court expressly held that a recital in a bill of sale to the effect that the sale is made subject to a certain mortgage is constructive notice of the mortgage, although it is unrecorded, and the vendee takes

subject to the mortgage. The court said that the recital was a condition upon which the sale was made, and that the buyer accepted the property on that condition. Hence he ought not to hold on to the fruits of his purchase and yet be unwilling to observe the condition.

In *Young* v. *Evans-Snider-Buel Commission Co.*, 158 Mo. 395, 59 S. W. 113, the Supreme Court of the State of Missouri held that the acceptance of a chattel mortgage subject to specific liens of prior mortgages, valid between the parties thereto, precludes the mortgagee from claiming priority, though the prior mortgages were not recorded, or were acknowledged so as to invalidate the record thereof and render them void, even as against subsequent lienholders with notice. In that case a resident of the Indian Territory, which at the time was governed by the Arkansas statute with relation to the registration of mortgages, executed two chattel mortgages of the same date to different persons. The first mortgage was not subject to the recording acts, because it had never been acknowledged. The second mortgage recited that the chattels embraced in it were subject to a lien under the first mortgage. Referring to this agreement, the court said:

"This agreement of plaintiffs, substantially recited in their mortgage, to take their security subject to the defendant's prior mortgages, which were an equitable lien upon the cattle, valid between the parties thereto, obviously takes the defendant's case, upon this issue, out of the principle of the Arkansas case aforesaid, upon which plaintiffs rely, and brings it within the well-settled doctrine recognized and enforced in that State, as well as in the other States of the Union, that 'one who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other lien or incumbrance, can in no proper sense claim that he is a purchaser of the entire thing. He purchases only the surplus or residuum after satisfying the other incumbrance;' and 'a mortgage expressly providing that it shall be subject

to a prior mortgage is subject to it, independently of the fact that the prior mortgage is not of record; nor will it alter matters to record the subsequent mortgage first.' Jones, Chat. Mortg., § 494; 5 Am. & Eng. Enc. Law (2d ed.), 1015; 2 Cobbey, Chat. Mortg., § 1039; *Clapp* v. *Halliday,* 48 Ark. 258, 2 S. W. 853. The plaintiffs, by accepting their subsequent mortgage under the circumstances aforesaid, ceased to be strangers to the defendant's prior mortgages, and were thereby brought into contractual relations with said mortgages, and they imposed limitations upon the interest acquired by them in the property, to the extent of defendant's equitable lien under said prior mortgages, subject to which they agreed to take. There is nothing in the statutes of Arkansas, or in the rulings of the Supreme Court of that State thereupon, prohibiting the making or impugning the validity of such a contract.''

In *Nation* v. *Planters' & Mechanics' Bank,* 29 Okla. 819, 119 Pac. 977, the Supreme Court of Oklahoma held that one who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other mortgage or lien, is not the purchaser of the entire thing conveyed thereby. He purchases only the surplus or residuum after satisfying the other incumbrances, and is estopped to deny the existence of the prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed, as required by the statutes.

In *Eaton* v. *Tuson,* 145 Mass. 218, 13 N. E. 488, where a person executed two mortgages of personal property in which the last mortgage recited that it was subject to an earlier unrecorded mortgage to a named person, the Supreme Court of Massachusetts held that the latter mortgage was subject to the unrecorded mortgage. The court said that the last mortgage only conveyed the mortgagor's right of redemption from the unrecorded mortgage. It is argued, however, that this rule should not apply, because the effect of the recital in the mortgage to W. H. Haney is that it was second to a previously

recorded mortgage, meaning that it should only be second to that mortgage if it was recorded. We do not think so. The agreed statement of facts shows that the parties understood, at the time of the execution of the W. H. Haney mortgage, that the Holt mortgage was of record. Hence the language used was but a part of the means of identifying the first mortgage as the Holt mortgage. It was the only mortgage on the property at the time the mortgage to W. H. Haney was executed, and it was evidently intended by the parties to agree that the mortgage of S. H. Haney to W. H. Haney was to be subordinate to the Holt mortgage, and not that it was to be subordinate to that mortgage if the Holt mortgage had been recorded. If the Holt mortgage had been recorded or filed for record, the Haney mortgage would have been second or subordinate to it without any agreement thereto, and such would be the common understanding of nearly everyone. Therefore we think that the court correctly held that the Holt mortgage was a superior lien on the property to the Haney mortgage.

Again, it is insisted that the judgment in favor of Holt against W. H. Haney should be reversed because the account was barred by the statute of limitations; but the chancellor correctly held that the stipulation in the case took away from the defendant the right to plead the statute of limitations. The stipulation expressly recites that W. H. Haney was indebted to H. H. Holt in the sum of $349.85. It is true that the defendant made a motion to set aside the stipulation in this respect, but no cause was shown why the motion should be granted. Hence there was no abuse of discretion in the chancery court failing to set aside the stipulation. It was deliberately entered into between the respective attorneys of the parties, and was binding upon their clients. There is no contention that at the time the stipulation was made the attorney for W. H. Haney did not have the right to enter into the stipulation. *Webster* v. *Goolsby,* 130 Ark. 141, 197 S. W. 286.

The decree of the chancery court was correct, and will therefore be affirmed.