GUNNELS *v.* FARMERS' BANK OF EMERSON.

Opinion delivered July 13, 1931.

*McKay & Smith,* for appellant.

*R. H. Peace* and *Henry Stevens,* for appellee.

SMITH, J. The Farmers' Bank of Emerson brought this suit on the 17th day of October, 1929, to foreclose a deed of trust executed to E. L. Owen, as trustee for its benefit, by C. A. Richardson and his wife on May 20, 1920. The deed of trust secured a note executed by Richardson to the order of the bank and any renewal thereof. The last renewal was executed December 19, 1925, and that renewal note was due November 1, 1926. The deed of trust was duly recorded July 3, 1920, but no notations were made on the margin of the record where the instrument was recorded showing the renewal of the note which it secured until May 9, 1929.

J. D. Gunnels was made a party to the foreclosure suit upon the allegation that he claimed to own the land described in the deed of trust under an invalid foreclosure of a second and subordinate deed of trust.

Gunnels filed an answer and cross-complaint, in which he alleged that on March 2, 1923, C. A. Richardson and wife had executed to E. L. Owen, as trustee, (the same party named as trustee in the deed of trust to the bank) securing the note of Richardson to the order of Gunnels, which fell due October 1, 1923.

The Gunnels deed of trust recited that it was a "second mortgage on" the lands described in the deed of trust to the bank, and Gunnels admitted that the deed of trust to which it was second was the one to the bank. Gunnels alleged that more than five years had expired after the maturity of the note of Richardson to the bank without any notation having been made upon the margin of the record where the bank's deed of trust had been recorded, and he therefore alleged the bank's deed of trust was barred by the statute of limitations.

The court held that the renewal of the note from Richardson to the bank had kept alive the deed of trust which secured it, and decreed accordingly.

This court held in the case of *Mullins* v. *Wilcox*, 124 Ark. 17, 186 S. W. 290, in an opinion delivered May 8, 1916, that the failure to make indorsements of payments upon a debt secured by a mortgage upon the margin of the record under Kirby's Digest, § 5399 (§ 7408, Crawford & Moses' Digest), does not operate to defeat the mortgage where it had been kept alive by a subsequent written agreement, or payments thereon. At the ensuing session of the General Assembly an act was passed (March 24, 1917, Acts 1917, page 1805), which appears, in part as § 7382, Crawford & Moses' Digest, which provides that no agreement for the extension of a debt or note secured by mortgage, deed of trust, or vendor's lien, or for the renewal thereof, whether made in writing or otherwise, should, so far as the same affects the rights of third parties, extend the operation of the statute of limitations, unless a memorandum showing such extension or renewal is indorsed on the margin of the record where the instrument was recorded, which indorsement should be attested by the clerk, the custodian of the record.

No such indorsement was made on the margin of the record where the deed of trust to the bank was recorded until 1929, and it is therefore insisted, upon the authority of this act of 1917, that the foreclosure of the bank's deed of trust was barred, and the correctness of this contention is the controlling question in the case.

We think the decision of this question is ruled by the decisions of this court in the cases of *Haney* v. *Holt*, 179 Ark. 403, 16 S. W. (2d) 463, and of *Wells* v. *Farmers' Bank & Trust Co.*, 181 Ark. 950, 28 S. W. (2d) 1059. The facts in the Haney case were that S. H. Haney executed a chattel mortgage to W. H. Haney, which recited that "This mortgage is second to a previously recorded mortgage." The mortgage referred to as being previously recorded was executed on the same property by S. H. Haney to H. H. Holt, but, as a matter of fact, the mortgage to Holt had never been recorded, and it was contended that the mortgage to W. H. Haney, which was duly recorded, was a superior lien to the Holt mortgage, for the reason that the filing or recording of a mortgage was essential to its validity as against third persons, even though the subsequent mortgagee had actual notice of the existence of the first mortgage. We held, however, that this rule had no application to the facts stated, for the reason that the recorded mortgage had been made subject to the unrecorded mortgage. Among the cases there cited in support of that view was the case of *Young* v. *Evans-Snider-Buel Com. Co.*, 158 Mo. 395, 59 S. W. 113. That case involved the construction of the Arkansas statute with relation to the registration of mortgages, which was the law of the Indian Territory, where the mortgages in question had been executed. We quoted from that case as follows: "This agreement of plaintiffs, substantially recited in their mortgage, to take their security subject to the defendant's prior mortgages, which were an equitable lien upon the cattle, valid between the parties thereto, obviously takes the defendant's case, upon this issue, out of the principle of the Arkansas case aforesaid, upon which plaintiffs rely, and brings it within the well-settled doctrine recognized and enforced in that State, as well as in the other States of the Union, that 'one who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other lien or incumbrance, can in no proper sense claim that he is a pur-

chaser of the entire thing. He purchases only the surplus or residuum after satisfying the other incumbrance;' and 'a mortgage expressly providing that it shall be subject to a prior mortgage is subject to it, independently of the fact that the prior mortgage is not of record; nor will it alter matters to record the subsequent mortgage first.' Jones Chat. Mortg., § 494; 5 Am. & Eng. Enc. Law (2d ed.) 1015; 2 Cobbey, Chat. Mortg., § 1039; *Clapp* v. *Halliday,* 48 Ark. 258, 2 S. W. 853. The plaintiffs, by accepting their subsequent mortgage under the circumstances aforesaid, ceased to be strangers to the defendant's prior mortgages, and were thereby brought into contractual relations with said mortgages, and they imposed limitations upon the interest acquired by them in the property, to the extent of defendant's equitable lien under said prior mortgages, subject to which they agreed to take. There is nothing in the statutes of Arkansas, or in the rulings of the Supreme Court of that State thereupon, prohibiting the making or impugning the validity of such a contract.''

The bank's deed of trust was taken May 20, 1920, and would not have been barred until five years after its maturity, and the deed of trust to Gunnels was executed March 2, 1923, so that Gunnels contracted with reference to a valid subsisting lien securing a debt not barred by any statute of limitations, and if, by agreeing, in the deed of trust to him, that that instrument should be second to the one held by the bank, Gunnels assumed a contractual relation with reference to the bank's deed of trust, and ceased to be a stranger thereto, then he is in no position to say that the bank's deed of trust was barred. The renewal of Richardson's note to the bank had kept the bank's deed of trust alive as between the parties thereto, and, if Gunnels is not a third party to that instrument, he is not protected by § 7382, Crawford & Moses' Digest.

We think this view is not in conflict with our holding in the case of *Wells* v. *Farmers' Bank & Trust Company,*

*supra.* There the second mortgage contained no reference whatever to a prior mortgage, and it was not therein agreed that it should be second to another, although it was alleged that when the second mortgage was given it was agreed between the parties to that instrument that an outstanding mortgage should be first paid. But this contemporaneous agreement was not incorporated into the second mortgage, as was done in the case of *Haney* v. *Holt,* and it was pointed out in the Wells case that, when the alleged agreement was made, the earlier mortgage was then barred as to third parties. The bar of the statute had already fallen in that case as to third parties when the second mortgage was taken, and the second mortgage itself contained no reference to it.

In the instant case, as in the case of *Haney* v. *Holt, supra,* the second mortgage was taken while the first mortgage was a subsisting lien, and there was a contractual agreement incorporated in the second mortgage, which became a condition upon which the conveyance was made, that is, that it was second to a prior mortgage.

In the Wells case such agreement as existed was made after the first mortgage was barred as to third parties, and was not incorporated into the second mortgage and made a condition upon which the mortgage was given, and we said this difference was the controlling distinction between that case and such cases as *Haney* v. *Holt, supra,* and *Merchants' & Planters' Bank* v. *Citizens' Bank,* 175 Ark. 417, 299 S. W. 753.

The instant case is like that of *Haney* v. *Holt, supra,* and unlike that of *Wells* v. *Farmers' Bank & Trust Company, supra,* and we therefore hold that appellee bank's debt was not barred, and that Gunnels was not a third party with reference thereto.

The decree of the court ordered the sale of the property described in the bank's deed of trust in satisfaction thereof as a first lien, and, as we think that order was proper, the decree must be affirmed, and it is so ordered.