GIBSON *v.* DOUGHTY.

4-4613

Opinion delivered April 19, 1937.

*Eugene Sloan* and *Shane & Fendler,* for appellants.
*Herman Horton* and *Roy Penix,* for appellees.

BUTLER, J. Appellees brought this suit on February 5, 1936, seeking recovery on a debt secured by a deed of trust and for foreclosure of that instrument. The debt secured by the mortgage was the sum of $5,000, due December 1, 1930. The deed of trust was properly executed and acknowledged and placed of record. On September 15, 1930, an extension agreement was executed and delivered to the trustee by which the due date of the debt secured by the original deed of trust was extended to December 1, 1935. This extension agreement was duly recorded and there was endorsed upon the margin of the original deed of trust the following: "For extension of indebtedness secured in this T.-D. see extension

duly recorded in record book 57, page 374. W. W. Holi-peter, clerk, by T. W. Potter, deputy clerk.'' The original mortgagors were made defendants, and, also, a number of other persons who appeared to have some interest in the lands secured by appellees' deed of trust.

The defense tendered by the defendants, Clay Sloan, Wilson Ward Company and J. H. Crane, as trustee for Lee Wilson & Company, was that while their mortgages were executed and recorded subsequent to the deed of trust sued on, their interest was prior and paramount to that of appellees because of a failure to indorse a proper memorandum of the extension agreement on the margin of the record of the original deed of trust as provided by § 7382, Crawford & Moses' Digest, and that they were third parties within the meaning of that statute.

If it be conceded that the memorandum did not comply with the terms of the statute, and did not arrest the running of the statute of limitations as to third parties (a point we do not decide), we are of the opinion the decree of the trial court holding appellees' deed of trust superior to that of appellants is correct for the reason that they are not third parties within the meaning of the statute. On June 1, 1934, the mortgage under which appellant, Clay Sloan, claims was executed by the mortgagors of appellees' deed of trust. Sloan's mortgage covered several tracts of land designated as tracts Nos. 1, 2, etc. Tract No. 2 conveyed the identical lands described in appellees' deed of trust, and was made ''subject to a prior mortgage indebtedness of approximately $5,000.'' It is the contention of the appellants that the reference was not sufficiently definite to identify the mortgage referred to in Sloan's mortgage as that of the appellees, and to evidence an intention on his part to recognize the prior incumbrance under the rule announced in *McFaddin* v. *Bell*, 168 Ark. 826, 272 S. W. 62, that a general recital in a mortgage or conveyance to the affect that the instrument is made subject to the incumbrances against the property does not estop a mortgagee or grantee from attacking the validity of such incumbrance, and that nothing short of a certain and definite

reference in some way to particular incumbrances thereon will evidence the intention on the part of the subsequent mortgagee to recognize such incumbrance.

We think, under the authority of the McFaddin case, *supra,* that the reference in Sloan's mortgage to prior incumbrances is sufficiently definite to estop him from attacking the validity of the prior mortgage on the ground that it is barred by limitation. If it is sufficiently definite, the proposition that Sloan merely takes the place of the original mortgagor is not open to dispute. The recital in the McFaddin case held sufficient is as follows: "Said E. F. McFaddin, trustee, buying the real estate, subject to all mortgages against it on record." The third headnote of that case is as follows: "Recitals in a mortgage that it is taken subject to all mortgages against it on record amount to a recognition by the mortgagee that such mortgages as were on record were prior valid liens on the land, and preclude the mortgagee from pleading the statute of limitation."

In *Haney* v. *Holt,* 179 Ark. 403, 16 S. W. (2d) 463, reference to a prior mortgage held sufficiently certain states: "This mortgage is second to a previously recorded mortgage." A recital in a deed of trust that it was a "second mortgage on" the lands described in a prior deed of trust was sufficiently definite reference to the first deed of trust. *Gunnels* v. *Farmers' Bank of Emerson,* 184 Ark. 149, 40 S. W. (2d) 989.

It appears that the sum secured by appellees' deed of trust was the identical sum named in Sloan's mortgage and covered the identical property. Sloan's mortgage was executed at a time when appellees' deed of trust was a valid subsisting lien without regard to any extension of indebtedness, and at a time when the memorandum indorsement was on the margin of the record of appellees' deed of trust and was sufficiently definite, under the authority of the cases, *supra,* to refer to, and recognize the priority of, appellees' deed of trust.

The deeds of trust in favor of Wilson Ward Company and J. H. Crane as trustee for Lee Wilson & Company, as shown by their recitals, were made to secure cer-

tain judgments obtained by them against appellees' mortgagors—in other words, they were the judgment creditors of the mortgagors, and, as such, are not strangers and third parties to the mortgage within the meaning of the statute. Sufficient authority for this declaration is found in the recent case of *Citizens Bank & Trust Co.* v. *Garrott,* 192 Ark. 599, 93 S. W. (2d) 319, where it is said: "(1) An unrecorded mortgage is still good and binding between the parties even though there has been a failure to comply with the provisions of § 7382 of Crawford & Moses' Digest. It constitutes a valid lien on the property except as to the legal rights of third parties." (2) "Third parties within the meaning of § 7382 of Crawford & Moses' Digest, means strangers to the mortgage." (3) "Judgment creditors are not innocent purchasers and by their judgments could only subject to the payment of their indebtedness the mortgagor's interest remaining in the property, their liens being subject to existing equities of third parties in the land." (4) "The purpose of §§ 7382 and 7408 of Crawford & Moses' Digest, was not to create new rights, but the intention was to protect third parties as prospective purchasers. Purchasers of real property, in the absence of actual knowledge, look to the records of titles." (5) "Since the giving of notice to these third parties prospective purchasers was the prime motive, if not the only one, for the passage of these statutes it would be inconsistent to hold that by the reason of them those who were prior to the passage of these acts, required to take notice of others' rights need not do so now." (6) "The opinion in *McKinley* v. *Black,* 157 Ark. 280, 247 S. W. 1046, was held erroneous." (7) "Ordinarily, notice, either constructive or actual, or purely legal * * * will protect prospective purchasers and the statutes may not be regarded as the exclusive method whereby notice may be had."

Affirmed.