HENRY *v.* COE.

4-5832                                            137 S. W. 2d 897

Opinion delivered March 11, 1940.

*W. F. Reeves,* for appellant.

*Wm. T. Mills, Wm. T. Mills, Jr.,* and *Opie Rogers,* for appellee.

McHANEY, J. On July 10, 1920, H. M. Stephenson and wife borrowed from Conservative Loan Company $1,500 for which they·executed and delivered their promissory note, due and payable August 1, 1930, with interest from date at 6 per cent. payable annually, secured by a mortgage on 150 acres of lands in Searcy county. On September 7, 1920, said Stephenson and wife conveyed said lands by warranty deed to A. R. Henry for a consideration, as expressed in the deed, of $3,000, which deed contained this provision: ''This deed is given subject to deed of trust of $1,500 to Conservative Loan Company.'' The note and the lien of the mortgage or deed of trust were thereafter and in due course sold and assigned to appellee who is now the undisputed owner thereof. Henry went into possession of said lands on his purchase and remained in possession until his death in October, 1933, and since then his widow and heirs at law, appellants herein, have been and still are in possession thereof.

Appellee brought this action of foreclosure on September 15, 1937, against appellants, and later by amendment, made Stephenson and wife parties defendant. The complaint alleged that A. R. Henry paid the interest coupons falling due up to and including December 1, 1928, and had paid on said note the sum of $30 on September 16, 1932, and $25 on March 21, 1933. Judgment was prayed in the sum of $2,560 *in rem* as against said lands. No personal judgment was sought against appellants or Stephenson. Appellants admitted the note, mortgage and conveyance to their ancestor, above set out, but denied that A. R. Henry had paid the interest or the payments alleged. They further alleged in their answer that A. R. Henry was a third party to the transaction between Stephenson and the Conservative Loan Company; that said note became due August 1, 1930, and that appellee did not indorse on the margin of the record of said mortgage said alleged payments within five years after August 1, 1930; and they, therefore, plead limitations in bar of the action.

Trial resulted in a decree for appellee foreclosing the lien of said mortgage and ordering said land sold for the judgment, interest and costs.

For a reversal of this decree, appellants rely on the provisions of §§ 9436 and 9465 of Pope's Digest, the former relating to agreements for the extension of the maturity date of debts secured by mortgage, etc., "so far as the same affects the rights of third parties," and the latter relating to limitations to foreclose and providing that payments made before the bar of the statute shall not operate to revive the debt as to third parties, unless indorsed on the margin of the record of the mortgage. We think these statutes, as also the decision of this court in *Hamburg Bank* v. *Zimmerman,* 196 Ark. 849, 120 S. W. 2d 380, strongly relied on by appellants, have no application here, as A. R. Henry was not a third party within the meaning of said statutes. While he did not assume and agree to pay the mortgage indebtedness, he bought subject to it, and his deed specifically provided that it was subject to the $1,500 deed of trust to the Conservative Loan Company. It was held in *McKinley* v. *Black,* 157 Ark. 280, 247 S. W. 1046, that "third parties, as used in the statutes under consideration, necessarily means strangers to the mortgage." That neither A. R. Henry nor his widow and heirs are "third parties" within the meaning of said statutes has frequently been decided, in principle, by this court. In *Gunnels* v. *Farmers' Bank of Emerson,* 184 Ark. 149, 40 S. W. 2d 989, it was held that one who takes a mortgage reciting that it is a second mortgage is not a "third party" because he contracted with reference to the first mortgage. In *Gibson* v. *Doughty,* 193 Ark. 1037, 104 S. W. 2d 449, it was held that where a conveyance recited that it was "subject to a prior mortgage indebtedness of approximately $5,000," the grantee therein was not a "third party." Numerous other cases might be cited to the same effect. See *McFadden* v. *Bell,* 168 Ark. 826, 272 S. W. 62; *Haney* v. *Holt,* 179 Ark. 403, 16 S. W. 2d 463.

Moreover, it is shown that A. R. Henry, in fact, assumed to pay the indebtedness to which his conveyance was subject, as he actually paid all the interest coupons up to and including December 1, 1928, and made two payments on the note after its maturity, one in 1932 and one in 1933. See *Bank of Mulberry* v. *Sprague,* 185 Ark. 410,

47 S. W. 2d 601. Appellants who are the widow and heirs, can have no better standing as "third parties" than did A. R. Henry. *Tyson* v. *Mayweather,* 170 Ark. 660, 281 S. W. 1.

The fact that the Stephensons were not made parties until more than five years after the last payment was made on the notes cannot be of avail to appellants. The statute of limitations was personal as to them, and they did not plead it. No personal judgment as to them or appellants was sought or obtained.

The decree is correct, and is accordingly affirmed.