BANK OF ATKINS *v.* GRIFFIN.

4-6932                                          168 S. W. 2d 382

Opinion delivered February 1, 1943.

*Hays & Wait,* for appellant.

*Oliver Moore* and *J. M. Smallwood,* for appellees.

HOLT, J. December 6, 1939, appellant, Bank of Atkins, sued R. F. Griffin, Era Griffin, his wife, and Joe Jones, appellees, to foreclose a mortgage. The complaint alleged that on December 12, 1936, R. F. Griffin and his wife were indebted to appellant bank in the amount of $3,480; that R. F. Griffin executed his four promissory notes for this sum, note No. 1 being for $700, No. 2 for $500, and notes Nos. 3 and 4 for $1,140 each, and to secure payment, R. F. Griffin and his wife executed a mortgage on certain tracts of land in Pope county and upon lots 1 to 20, inclusive, block 2, Reidmiller's Addition to the town of Atkins, Arkansas. Copies of the notes and mortgages were made exhibits to and a part of the complaint.

Appellee, Joe Jones, filed separate answer denying every material allegation in the complaint and pleaded in addition that he held a prior mortgage to that of appellant Bank of Atkins on the 20 town lots in the town of Atkins, described in the mortgage, dated November 12, 1930, securing a debt of $700, and recorded November 25, 1930, and prayed that the lien of his mortgage be decreed a first lien on said lots.

The Bank of Atkins demurred to the separate answer of Joe Jones on the ground that it "shows said mortgage is barred by the statute of limitation in so far as same affects the lien of the mortgage of this plaintiff." Upon final hearing this demurrer was overruled by the trial court.

R. F. Griffin and his wife in their answer admitted that R. F. Griffin executed and signed the four notes in question and admitted that they executed the mortgage to the Bank of Atkins; denied all other allegations in the complaint, and in addition pleaded that they were not liable on the notes and mortgage sued on for the reason that the Bank of Atkins had agreed that it would secure the signatures of E. P. Griffin (a brother of R. F. Griffin) and wife on the notes in question and that the bank had failed to carry out this agreement.

May 10, 1942, upon a trial of the cause there was a decree in favor of the Bank of Atkins against R. F. Griffin for $4,808.23, which was declared a first lien on all the property described in the mortgage except the 20 town lots in the town of Atkins, on which a second lien was decreed to the bank.

As to the 20 lots in the town of Atkins the decree contains this recital: "That at the time of taking the mortgage herein sued on by the plaintiff, Bank of Atkins, the defendant, Joe Jones, held a mortgage upon lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, in block 2 Joseph Reidmiller's Addition to the town of Atkins, Pope county, Arkansas; that in the mortgage herein sued on reference to the Joe Jones mortgage had been made in the warranty clause thereof in the following language, to-wit: 'We hereby covenant

with the said Bank of Atkins that we will forever warrant and defend the title to said property against all lawful claims except a mortgage heretofore given to Joe Jones on the lots in the city of Atkins, above described.' 'The court finds that by taking the mortgage herein sued on with the above language therein contained, plaintiff, Bank of Atkins, estopped itself from pleading the statute of limitation against said Joe Jones' mortgage, and that its demurrer to the answer of Joe Jones should be, and the same is hereby overruled.' " The decree also contains this language: "The court further finds that said mortgage provided that upon the payment of note No. 1, in the sum of $700 then, and in that event, the judgment of the circuit court of Pope county, Arkansas, on two notes against R. F. Griffin and Mrs. Bertha Boyd, should be satisfied in full of record, and that the lien of said mortgage satisfied as to the lands of Mrs. Bertha Boyd," and further provided that: "In the event said town lots shall sell for an amount greater than the debt of the administrator and heirs at law of J. O. Jones, then, any balance, if any, after the payment of said debt of said administrator and heirs, shall be applied to the payment of note No. 1, in the sum of seven hundred dollars, hereinabove referred to, and if the sum be not sufficient to pay said note No. 1, above referred to, then any sums coming into the hands of the commissioner from the sale of the farm lands, or so much thereof as is necessary shall be applied to the payment of said seven hundred dollars indebtedness, evidenced by note No. 1, and the balance applied to the remaining indebtedness due the plaintiff."

Joe Jones having died prior to the rendition of the decree, the cause of action was revived in the name of the administrator and heirs of his estate.

The Bank of Atkins has appealed from that part of the decree overruling its demurrer and holding that it was estopped to plead the five-year statute of limitation to the mortgage of Joe Jones, and from that part of the decree requiring the payment of the $700 note in the manner set out, *supra*. R. F. Griffin has cross-appealed

from that part of the decree awarding the Bank of Atkins judgment against him for $4,808.23.

(1) We first consider the cross-appeal of R. F. Griffin in which he contends that he was not liable on the four notes and mortgage sued on for the reason that he had an agreement and understanding with appellant bank that it would procure the signatures of his brother, E. P. Griffin, and his brother's wife on the notes along with appellant before any liability thereon should attach to appellant, and that the bank had failed to carry out this agreement. This issue is one of fact and while we try the cause here *de novo,* unless we can say that the trial court's finding is against the preponderance of the testimony it would be our duty to affirm his action.

There is no dispute that R. F. Griffin signed the notes in question and that he and his wife signed and executed the mortgage securing these notes. It is also undisputed that these notes represented valid judgments procured against R. F. Griffin. While R. F. Griffin testified that he signed the notes and mortgage on condition that the bank would procure the signatures of E. P. Griffin and his wife, appellant bank denied that any such agreement was ever entered into. The mortgage, itself, recites, among other things, that "we, R. F. Griffin and Era Griffin, his wife, for and in consideration . . . covenant with the said Bank of Atkins that we will forever warrant and defend the title to the said property, etc. . . .; that whereas R. F. Griffin is justly indebted unto said Bank of Atkins in the sum of $3,480 evidenced by his four promissory notes, etc." The names of E. P. Griffin and wife are nowhere mentioned in this mortgage. Other evidence appears in the record on this point. We do not abstract it here for we think it could serve no useful purpose to do so. It suffices to say that after a careful review of all the testimony we are clearly of the view that the great preponderance of the testimony supports the court's finding.

The next question presented is (and here we quote from appellant's brief) "whether or not the trial court erred in holding that by taking the mortgage from R. F.

Griffin with the language in the warranty clause "We hereby covenant with the said Bank of Atkins that we will forever warrant and defend the title to the said property against all lawful claims, except a mortgage heretofore given to J. O. Jones on the lots in the city of Atkins above described, the Bank of Atkins estopped itself from pleading the statute of limitation against the Joe Jones mortgage when it became barred for failure to indorse credits on the margin thereof as required by §§ 9436 and 9465 of Pope's Digest." It is our view that the Bank of Atkins is estopped to plead the statute of limitation by virtue of this mortgage provision and that the above sections of the statute relied upon by appellant have no application here. These sections of the statute relate to the rights of third parties. Jones was not a third party but a party to the mortgage. There are many decisions of this court wherein mortgage provisions similar in effect to that presented here, which are in accord with this view, among them being *McFadden* v. *Bell,* 168 Ark. 826, 272 S. W. 62; *Haney* v. *Holt,* 179 Ark. 403, 16 S. W. 2d 463; *Gunnels* v. *Farmers' Bank of Emerson,* 184 Ark. 149, 40 S. W. 2d 989; *Foster* v. *Taylor,* 187 Ark. 172, 58 S. W. 2d 675; *Gibson* v. *Doughty,* 193 Ark. 1037, 104 S. W. 2d 449; *The Planters National Bank of Mena* v. *Townsend,* 197 Ark. 267, 123 S. W. 2d 527.

In *Gibson* v. *Doughty, supra,* there was before this court a deed of trust containing this provision: "Subject to a prior mortgage indebtedness of approximately $5,000," and there this court said: "It is the contention of the appellants that the reference was not sufficiently definite to identify the mortgage referred to in Sloan's mortgage as that of the appellees, and to evidence an intention on his part to recognize the prior incumbrance under the rule announced in *McFaddin* v. *Bell,* 168 Ark. 826, 272 S. W. 62, that a general recital in a mortgage or conveyance to the effect that the instrument is made subject to the incumbrances against the property does not estop a mortgagee or grantee from attacking the validity of such incumbrance, and that nothing short of a certain and definite reference in some way to particular incumbrances thereon will evidence the intention

on the part of the subsequent mortgagee to recognize such incumbrance. We think, under the authority of the McFaddin case, *supra,* that the reference in Sloan's mortgage to prior incumbrances is sufficiently definite to estop him from attacking the validity of the prior mortgage on the ground that it is barred by limitation. If it is sufficiently definite, the proposition that Sloan merely takes the place of the original mortgagor is not open to dispute. The recital in the McFaddin case held sufficient is as follows: 'Said E. F. McFaddin, trustee, buying the real estate, subject to all mortgages against it on record.' The third headnote of that case is as follows: 'Recitals in a mortgage that it is taken subject to all mortgages against it on record amount to a recognition by the mortgagee that such mortgages as were on record were prior valid liens on the land, and preclude the mortgagee from pleading the statute of limitation.' In *Haney* v. *Holt,* 179 Ark. 403, 16 S. W. 2d. 463, reference to a prior mortgage held sufficiently certain states: 'This mortgage is second to a previously recorded mortgage.' A recital in a deed of trust that it was a 'second mortgage on' the lands described in a prior deed of trust was sufficiently definite reference to the first deed of trust. *Gunnels* v. *Farmers' Bank of Emerson,* 184 Ark. 149, 40 S. W. 2d 989.''

In *Haney* v. *Holt, supra,* this court, quoting with approval from an Oklahoma case, said: "In *Nation* v. *Planters' & Mechanics' Bank,* 29 Okla. 819, 119 Pac. 977, the Supreme Court of Oklahoma held that one who takes a conveyance, absolute or conditional, which recites that it is second or subordinate to some other mortgage or lien, is not the purchaser of the entire thing conveyed thereby. He purchases only the surplus or residuum after satisfying the other incumbrances, and is estopped to deny the existence of the prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed, as required by the statutes.''

In the light of these decisions, as indicated, it is our view that the trial court correctly held, under the plain language of the mortgage given by Griffin to the Bank of Atkins, there was clearly evidenced an intention that appellee, Jones' mortgage was a prior and valid lien

upon the 20 town lots in the town of Atkins, and the bank is estopped to deny the priority of the lien of this mortgage of appellee, Jones.

(3) Finally, appellant argues that the court erred in that part of the decree wherein it found "that said mortgage provided that upon the payment of note No. 1, in the sum of $700 then, and in that event, the judgment of the circuit court of Pope county, Arkansas, on the two notes against R. F. Griffin and Mrs. Bertha Boyd, should be satisfied in full of record, and that the lien of said mortgage satisfied as to the lands of Mrs. Bertha Boyd," and "in the event said town lots shall sell for an amount greater than the debt of the administrator and heirs at law of J. O. Jones, then, any balance, if any, after the payment of said debt of said administrator and heirs, shall be applied to the payment of note No. 1, in the sum of seven hundred dollars, hereinabove referred to, and if the sum be not sufficient to pay said note No. 1, above referred to, then any sums coming into the hands of the commissioner from the sale of the farm lands, or so much thereof as is necessary shall be applied to the payment of said seven hundred dollars indebtedness, evidenced by note No. 1, and the balance applied to the remaining indebtedness."

We think, however, that no error appears here. It must be remembered, as was found by the court, *supra,* that the mortgage itself contained the provision that when note No. 1 in the sum of $700 was paid, the judgment of the circuit court of Pope county, on two notes against R. F. Griffin and Mrs. Bertha Boyd, should be satisfied and the lien of the mortgage sued on here released as to the lands of Mrs. Boyd. Mrs. Boyd is the sister of R. F. Griffin. One of the conditions on which R. F. Griffin was induced to execute the notes here in question was that the $700 note should first be paid and his sister's property relieved of any judgment remaining against it. Note No. 1 of this series of four notes was this seven hundred dollar note, which represented a judgment in favor of the bank against R. F. Griffin and Mrs. Boyd.

In these circumstances, we think the court's decree must be upheld.

Finding no error, the decree is affirmed.