BILLINGSLEY *v.* PRUITT.

5-995                                   291 S. W. 2d 498

Opinion delivered June 18, 1956.

*Chas. F. Cole,* for appellant.

*W. D. Murphy, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellant, Ida Billingsley, to foreclose a mortgage upon certain lots in Batesville. The cause of action is admittedly barred by limitations, but the original mortgagors did not interpose that defense. The statute was pleaded, however, by the principal appellee, W. F. Armstrong, and the only question in the case is whether Armstrong is entitled to rely upon the defense of limitations. The chancellor upheld Armstrong's plea, dismissed the complaint as far as the land is concerned, and limited the plaintiff to a personal judgment against the mortgagors.

These are the facts: On May 2, 1947, the mortgage in question was executed by H. A. Pruitt and his wife to secure a $1,500 note to John Edwards. The last installment on the note was due February 2, 1949. The Pruitts paid only $100 to Edwards, and in 1950 the note was purchased by Mrs. Pruitt's parents, Dr. and Mrs. Billingsley, who took an assignment of the note and mortgage. After Dr. Billingsley's death this suit was filed on October 12, 1954 — more than five years after the maturity of the debt. It is conceded that the Pruitts

made no payments after the due date of the note, and of course no such payments were indorsed on the margin of the record. The Pruitts preferred not to plead the defense of limitations against Mrs. Pruitt's mother.

Armstrong's interest in the land derives from a second mortgage which the Pruitts executed in 1949 to secure a debt owed to M. F. Highsmith. This mortgage recited the priority of the Edwards mortgage and authorized the second mortgagee to pay off the first mortgage and be subrogated to its lien. Highsmith foreclosed the junior mortgage in 1952, without making the senior mortgagee a party to the suit, and bought the property at the foreclosure sale. In June of 1954 Highsmith deeded the land to a corporation in which he is a stockholder, and on the day before this suit was filed the corporation conveyed the land to Armstrong by warranty deed. Armstrong made a down payment of $500, gave a mortgage for the unpaid balance of $5,500, and testifies that he knew nothing of the first mortgage when he bought the property.

The appellant argues that inasmuch as Highsmith's mortgage was expressly subordinate to Edwards' first lien Highsmith was not a third party within the meaning of the statute that requires payments to be indorsed of record in order to keep the lien alive as against third parties. Ark. Stats. 1947, § 51-1103. It is then contended that Armstrong stands in no better position than Highsmith and cannot interpose a plea that is personal to the original mortgagors.

A manifest flaw in this argument lies in its disregard of the fact that Mrs. Billingsley's mortgage is barred not merely of record but also in actuality. In the cases cited by the appellant, such as *McFaddin* v. *Bell*, 168 Ark. 826, 272 S. W. 62, the mortgagor had tolled the statute by payments made less than five years before suit was filed, but the mortgagee had not made the required indorsement on the margin of the record. In that situation the defense of limitations is not available to the original debtor or to anyone else who is not a stranger to the transaction. In the case at bar, however, the

debt was not kept alive by payments, and, unless the defense of limitations has been waived, the right to foreclose is barred "as to all parties and for all purposes." *Bank of Mulberry* v. *Sprague,* 185 Ark. 410, 47 S. W. 2d 201.

We think it plain that Armstrong is not bound by the Pruitts' election not to defend the case. It must be remembered that the Pruitts have no interest whatever in the land, for the Highsmith foreclosure divested their equity of redemption. *Clark* v. *Lesser,* 106 Ark. 207, 153 S. W. 112. If, as the appellant urges, the plea of limitations is personal to the Pruitts, the statement means no more than that they are free to admit their liability on the note. With respect to the land the plea is similarly personal to Armstrong, who is the real party in interest. His choice cannot be dictated by the Pruitts, who have no pecuniary interest in his dispute with the appellant. It is apparent that if the appellant's argument were accepted it would follow that a mortgage, barred both of record and in fact for fifty years or more, could still be foreclosed, with the mortgagor's consent, as against subsequent purchasers for value. Needless to say, that is not the law in this state.

Affirmed.

WARD, J., dissents in part.

PAUL WARD, Associate Justice, dissenting. After much deliberation I find myself unable to entirely agree with the majority opinion.

1. In the first paragraph the majority opinion states that: "The only question in the case is whether Armstrong is entitled to rely upon the defense of limitations," which he pleaded in this action. From this I gather that the opinion rests on the principle that Armstrong did have a right to plead the statute of limitations. It occurs to me that this announcement is contrary to the former holdings of this court. In the case of *Less* v. *Manning,* 202 Ark. 138, 149 S. W. 2d 40, at page 143 of the Arkansas Reports, we find this statement: "The statute of limitations would not begin to run until

payment was due: nor can a third party interpose the defense for the debtors." It is stated by the majority, and I agree, that Armstrong was a third party. In the case of *Henry* v. *Coe*, 200 Ark. 44, 137 S. W. 2d 897, at page 47 of the Arkansas Reports, in speaking of who can plead the statute of limitations, the court said: "The statute of limitations was personal as to them, and they did not plead it."

2. I agree with the majority that Armstrong is a purchaser for value of the land involved and as such is a third party, and, with the exception mentioned below, his title is not affected by the first mortgage. I think however that the reason why Armstrong is not affected is not because he was entitled to plead the statute of limitations but because he had a right to rely on Ark. Stats. § 51-1103.

3. In my opinion, since it is conceded that Armstrong still owes a large portion of the purchase price which he agreed to pay for the land in question, that Mrs. Billingsly should have a right to have her note paid out of the balance which Armstrong owes to the trucking company. My reasons for this conclusion are as follows: First, Pruitt was the only person who could plead the statute of limitations and he did not do so; Second, Highsmith having taken a second mortgage in which the first mortgage was specifically recognized, was not a third party under the holding of many of our decisions and could not therefore plead the statute of limitations; (This question is exhaustively discussed in 174 A. L. R. at page 687); Third, Highsmith having come into a court of equity seeking relief on technical grounds, must first offer to do equity, and; Fourth, under the views which I have expressed equity would be done and no one would be hurt. Mrs. Billingsly would collect a just debt, Highsmith would not only collect the money he loaned under his second mortgage but [being the owner of the trucking company] he would make a handsome profit in addition, and Armstrong would not be required to pay one penny more than he agreed to pay and would have his land clear of all incumbrances.

Under the view which I hold none of the dire consequences predicted by the majority would result. The majority opinion expresses the fear "that a mortgage, barred both of record and in fact for 50 years or more, could still be foreclosed, with a mortgagor's consent, as against subsequent purchaser for value." This could not happen for the simple reason that such a purchaser would be protected by Ark. Stats. § 51-1103 mentioned above.