BIRD v. SWEARINGEN.

Opinion delivered April 15, 1929.

*E. D. Chastain,* for appellant.
*C. M. Wofford,* for appellee.

McHANEY, J. By this appeal we are called upon to construe the second paragraph of the will of Samuel Kimbler, late of Crawford County, Arkansas, which is as follows:

"2. I bequeath all my property, personal and real, to my wife, Elizabeth, for her support and maintenance, during her life, and at her death I desire that my sons, Andrew and William, shall have all my real estate jointly, share and share, during their natural lives, and at their deaths to descend absolutely to their heirs. I make this bequest to my sons, Andrew and William, for the reason that they have remained with me and assisted me in purchasing my real estate and keeping it in repair."

The testator's wife, Elizabeth, predeceased him, which caused the legacy in her behalf, consisting of a life estate in his property, to lapse. At the death of the testator, October 12, 1885, the will was probated, and the two sons, Andrew and William, entered into possession of the real estate owned by the testator, and held same under claim of ownership of the fee until their

deaths—that of William occurring on October 21, 1900, and that of Andrew on May 11, 1925.

The question for our determination is, did the will, by paragraph 2 thereof above quoted, convey to Andrew and William a fee simple title to the land, or only a life estate? If a fee simple title was conveyed, then the appellee is rightfully in possession of the small portion of said land in controversy, and the complaint, to which a demurrer was interposed and sustained, did not state a cause of action.

We think the court correctly held that the fee was conveyed, and that the complaint failed to state a cause of action. This case is ruled by the recent case of *Shields* v. *Shields, ante,* p. 167, and the cases therein cited.

We find no error, and the judgment is affirmed.