BOSTER *v.* BOSTER.

Opinion delivered July 7, 1930.

*E. D. Chastain,* for appellant.

*Partain & Agee,* for appellee.

McHANEY, J. In 1886 Samuel Kimbler died testate in Crawford County, Arkansas. By paragraph two of his will he devised the land in controversy to his two sons,

William and Andrew, subject to the life estate therein given to his widow who predeceased him. In *Bird* v. *Swearingen,* 179 Ark. 402, 16 S. W. (2d) 569, we held that said sons, William and Andrew, under said paragraph of the will, took the fee simple title thereto. Prior to his death, William conveyed all his interest in said land to Andrew by deed. Thereafter Andrew died intestate leaving surviving him the appellees, Martha Boster (nee Kimbler), Luck Seabolt (nee Kimbler) and Clayton Kimbler, a minor, as his only children and heirs at law.

Frank Kimbler and Matilda Bird are children of said Samuel Kimbler, and brother and sister to said William and Andrew. In 1926, on the theory that the will above mentioned conveyed only a life estate to William and Andrew, they brought a suit to partition said land, claiming an interest therein. They caused a summons to be issued to the appellees directing them to attend a meeting on an adjoining farm to the land in controversy for the purpose of settling the Kimbler estate, the meeting to be held at 10 A. M., and caused a deputy sheriff in a remote part of the county to serve the appellees on the morning of the day set for said meeting. All the parties attended the meeting, and in addition appellant, the deputy sheriff, Mr. Seabolt and the attorney representing plaintiffs in the partition suit and appellant in this appeal, also attended. Through representations there made appellees were induced to execute a deed to appellant, prepared at the time by the attorney then present, in which Frank Kimbler and Matilda Bird joined, for a consideration of $666.66 to each of the appellees, $500 each to Kimbler and Bird and $500 to be paid Nannie Cowen, a sister of Kimbler and Bird, whose address was unknown.

About two months later, appellees brought this action to cancel the deed executed by them as having been obtained through misrepresentation, fraud, duress and as the result of a conspiracy on the part of all the other parties present to cheat them out of said land.

The trial court overruled a demurrer to the complaint, and, after hearing the evidence, canceled the deed, and offset the rents and profits against the betterments made by appellant. The case is here on appeal by the purchaser.

The demurrer was properly overruled, as the complaint stated a good cause of action. It is said there was no tender made in the complaint of the money received from the sale, but the record discloses that the two adult plaintiffs paid the money they received into court, and that the money paid to the guardian of the minor was held subject to the order of the court. So the purchase money received by them was actually tendered and in court.

We are also of the opinion that the court correctly held that the deed was obtained by fraud, to which appellant was a party, and that it should be canceled. The uncles and aunts of appellees had no interest in this land as the fee simple title passed from Samuel Kimbler to his two sons, William and Andrew, and by deed from William to Andrew. *Bird* v. *Swearingen, supra.* Therefore when Andrew died intestate, the whole title passed to his children, the appellees, free from any claims of his brother and sisters as heirs of Samuel Kimbler. As to appellee, Clayton Kimbler, it is admitted that he was a minor at the time he signed the deed, and that he has the right to rescind, even in the absence of any fraud or misrepresentation. As to the other two adult appellees, who were summoned to be present on the Larue place at 10 A. M. of the morning of the service of notice, we think the evidence clear, satisfactory and convincing in favor of the finding of the court that they were induced to execute the deed to appellant through ignorance of their rights and through fear of loss of their entire inheritance in litigation. We think it unnecessary to set the evidence out in detail, but suffice it to say we have carefully considered it and find that it more than preponderates in favor of the findings of the court—that it complies with

the clear, satisfactory and convincing rule relative to the cancellation of deeds. The circumstances under which the meeting was arranged, the abuse of the process of the court to obtain the meeting, the possession of the process by appellant, his arrangement with the remote deputy to serve it, the fee of $25 paid the deputy by appellant to serve it, the youth and inexperience of the minor, the inexperience and illiteracy of the two adult appellees, the threats of litigation which had already been instituted by three persons who had no title whatever, and other facts and circumstances that might be mentioned lead inevitably to the conclusion reached by the court, and that appellant was a party to the whole transaction.

We also conclude that the court properly offset the rents and profits against the betterments made by appellant while in possession of the land. The abstract of the evidence before the master is too meager to justify us in setting aside the decree in this regard.

We find no error, and the decree is accordingly affirmed.