THE PLANTERS NATIONAL BANK OF MENA *v.* TOWNSEND.

4-5273                                    123 S. W. 2d 527

Opinion delivered December 5, 1938.

*Minor Pipkin* and *Howard Hasting,* for appellant.

*Hal L. Norwood,* for appellee.

HUMPHREYS, J. Florence Taylor and Maggie Townsend brought suit against James Keyes, administrator of the estate of Harrison Thompson, deceased, and the Planters National Bank of Mena in the chancery court of Polk county, on the 26th day of January, 1938. The complaint filed by them is as follows:

"The plaintiffs, Florence Taylor and Maggie Townsend, for their cause of action state that on the 26th day of September, 1917, B. F. Thompson, now deceased, executed to his son, Harrison Thompson, a deed to the following lands in Polk county containing 240 acres (particularly describing same); that the consideration expressed in the deed was as follows: 'One thousand dollars, cash in hand (receipt of which is hereby acknowledged), and one thousand to be paid to each of the following persons to-wit: Maggie Bales $1,000, Scottie Taylor $1,000, Rose Mantooth $1,000, Florence Taylor $1,000 and Maude Mims $1,000; the above heirs one thousand dollars each in 1918 with the further provision that the grantee would take care of the grantor during the balance of the life of the grantor'; a lien was retained upon said lands to secure the payment of the residue of the purchase money. A copy of said deed is hereto attached and made a part of this complaint; that at the time of the execution of the deed, Maggie Townsend, one of the plaintiffs herein, was named Maggie Bales and she is the

person referred to in said deed as Maggie Bales; that B. F. Thompson had two children in addition to the children mentioned in the deed, to-wit: Dora Keyes and Frank Thompson, and had, prior to the execution of the deed as aforesaid, conveyed to each of said two children 80 acres of land; that the execution of the deed to Dora Keyes and Frank Thompson and the provisions of the deed to Harrison Thompson were intended by the said B. F. Thompson to be a distribution of his estate among his children; that Harrison Thompson made settlement with all of the children named in the deed except these plaintiffs, Florence Taylor and Maggie Townsend; that said defendants have received no part of the amount which the deed directed should be paid to them; that on the 29th day of September, 1933, for the purpose of securing the payment of a note for $2,200 and interest, Harrison Thompson executed to the Planters National Bank of Mena a mortgage on the same land described in the deed from B. F. Thompson to Harrison Thompson; that the mortgage recites that the mortgagor warranted the title against all lawful claims *except a prior lien for $2,000, an undivided one-third interest in and to said lands to which this mortgage is inferior.*' A copy of said mortgage is filed herewith and made a part of this complaint; that Harrison Thompson died on November 14, 1937, and James Keyes was by the probate court of Polk county appointed administrator and is qualified as such administrator; that the estate of Harrison Thompson owes debts in addition to the amounts specifically mentioned as being due these plaintiffs and the National Bank of Mena, which said debts amount to as much or more than the assets in the hands of the administrator.

"The plaintiffs allege that the claims of $2,000 mentioned in the mortgage as being a prior lien referred to the amounts due the plaintiffs herein and that the one-third interest in and to said lands referred to the one-third of the amount of the consideration mentioned in the deed from Ben Thompson to Harrison Thompson; that the defendant, Planters National Bank of Mena, accepted the mortgage with the understanding and full

knowledge as expressed in the mortgage that the claims of the plaintiffs were superior to the claim of the bank and that the plaintiffs had a lien superior to that of the bank; the plaintiffs pray for judgment for the sum of $1,000 each with interest thereon at the rate of 6 per cent. per annum from the 26th day of September, 1917, and that the court by proper order direct a commissioner, to be appointed by the court to sell the lands described herein at such time and under such terms as the court may adjudge to be proper, and that from the proceeds of such sale the commissioner pay to these plaintiffs the amounts that may be adjudged to be due them, the costs and expenses of this suit and the sale, and whatever balance may remain, if any, pay to the Planters National Bank on the obligation mentioned herein, and if any amount should then remain, that it be paid to James Keyes as administrator of the estate of Harrison Thompson; and the plaintiffs pray such other and proper general relief as may be just and equitable.''

Subsequent to filing this complaint Florence Taylor died and the cause was revived upon proper showing in the name of the beneficiaries of her will.

An amended and substituted answer was then filed by the Planters National Bank of Mena as follows:

**1.**

''Defendant denies each and every material allegation of the complaint of the plaintiffs herein.

**2.**

''And this further: that on the 1st day of August, 1934, the deceased, Harrison Thompson, being then and there in full life and vigor and being indebted to this defendant in the sum of $150, executed his certain promissory note, of that date, in said amount, bearing interest at the rate of 8 per cent. per annum from date until paid, payable on the first day of July, 1935; that there is now due on said note the principal sum, together with interest thereon at the rate of 8 per cent. per annum from August 1, 1934, less a credit of $18.75; a copy of said note is attached hereto, marked 'Exhibit A,' and made a part

hereof; the original being held subject to the inspection of all parties in interest.

"Also, on the 22nd day of May, 1937, the deceased, Harrison Thompson, being then and there in full life and vigor and being further indebted to this defendant in the sum of $998.77, executed his certain other and different promissory note, of that date, in said amount, bearing interest at the rate of 8 per cent. per annum from May 22, 1937; that a copy of said note is attached hereto, marked 'Exhibit B,' and made a part hereof; the original being held subject to the inspection of all parties in interest.

"Also: on the 13th day of September, 1937, the deceased, Harrison Thompson, being then and there in full life and vigor and being further indebted to this defendant in the sum of $100, executed his certain other and different promissory note, of that date, in said amount, bearing interest at the rate of 8 per cent. per annum from date until paid, payable 90 days after date; that there is now due on said note the principal sum, together with interest thereon at the rate of 8 per cent. per annum from September 13, 1937; that a copy of said note is attached hereto, marked 'Exhibit C,' and made a part hereof, the original being held subject to the inspection of all parties in interest.

"This defendant is now the holder of each of the foregoing notes as original payee therein, and as such claims to be a general creditor of the estate of the deceased with the right to interpose any defense to the claims of the plaintiffs herein which either it or the estate may have. Wherefore, this defendant hereby specifically pleads that the cause of action of the plaintiffs as set out in their complaint is barred by the statute of limitations, for the reason that no action was commenced to enforce the rights of said plaintiffs within five years after their cause of action accrued.

### 3.

"And this further: that on the 29th day of September, 1933, the deceased, Harrison Thompson, then and there being in full life and vigor, a single, unmarried person, and being indebted unto this defendant in the sum

of $2,200, made and executed to this defendant, as payee, his certain other and different promissory note, of that date, in said amount, bearing interest at the rate of 8 per cent. per annum from date until paid, due and payable 90 days after date; said note was renewed from time to time, upon payment of the accrued interest, the last of said renewal notes having been made and executed by deceased in his lifetime to this defendant on the 12th day of December, 1936, for the principal sum of $2,200 aforesaid, bearing interest at the rate of 8 per cent. from date until paid, due and payable one year after date.

"To secure the prompt payment of the aforesaid debt at the maturity thereof, the deceased, Harrison Thompson, did on the date aforesaid, that is to say, on the 29th day of September, 1933, execute his certain mortgage whereby he conveyed to this defendant the following described lands, lying and being situated in Polk county, Arkansas, to-wit: (particularly describing the 240-acre tract in the deed from B. F. Thompson to Harrison Thompson) which said mortgage was duly acknowledged and filed for record in the office of the recorder of Polk county, Arkansas, on the 3rd day of October, 1933, and now appears of record there, in 'Record Book A-3,' at p. 479 thereof.

"A copy of the aforesaid note and mortgage is attached hereto, marked 'Exhibit D' and 'Exhibit E' respectively, and made a part hereof, the originals being held subject to the inspection of all parties in interest.

"This defendant says: that by virtue of the aforesaid debt in the principal sum of $2,200, evidenced by promissory note and secured by mortgage, as heretofore set out, it is a special, or secured, creditor,—as well as a general creditor—of the estate of the deceased, Harrison Thompson, and entitled further to the right of interposing any defense to the cause of action of the plaintiffs herein which either it or the estate may have. Wherefore, this defendant hereby specifically pleads that the cause of action of the plaintiffs as set out in their complaint is barred by the statute of limitations, for the reason that no action was commenced to enforce the rights

of said plaintiffs within five years after their cause of action accrued.

"Also, at the time of the execution of this defendant's mortgage described above, the bar of the statute of limitations had fallen against, and was barring the enforcement of, the alleged and purported debt and vendor's lien sued upon by the plaintiffs herein; and there was no memorandum showing any extension or renewal of said debt and lien, such as would operate to revive or extend said debt and lien and take the same out of the statute, indorsed on the margin of the record where the instrument, relied upon in this case as evidence of the said debt and lien, was recorded; and therefore, this defendant says, that as to it, the debt and alleged and purported vendor's lien of the plaintiffs herein are barred by the statute of limitations, and as to it, constitutes no lien upon the property described in this defendant's mortgage above set out.

"The aforesaid debt is now past due and unpaid, and there is now due thereon the principal sum of $2,200, together with interest thereon from the 12th day of December, 1936, at the rate of 8 per cent. per annum to date.

"The said Harrison Thompson has departed this life, and his estate is in process of administration with Jim Keyes as administrator thereof. The deceased never married and, therefore, has never had any children; his father and mother preceded him in death; he had at one time the following brothers and sisters, namely: Maggie Thompson (Bales Townsend), Scottie Thompson Taylor, Dora Thompson Keyes, Rose Thompson Mantooth, Maude Thompson Mims, Florence Thompson Taylor, and Frank Thompson; but Florence Thompson Taylor is now deceased, leaving her husband, J. D. Taylor, surviving her, and no children; Frank Thompson is also deceased with his widow, Minnie Martin Thompson, and four minor children, namely: Frank, Jr., John, Ben, and Ann, surviving him.

"This defendant says that its rights to have a foreclosure of said mortgage had become absolute; but that in order to have a complete foreclosure, it is necessary

that the aforesaid persons, namely: Maggie Townsend, Scottie Taylor, Dora Keyes, Rose Mantooth, Maude Mims, J. D. Taylor, Minnie Thompson, Frank Thompson, Jr., John Thompson, Ben Thompson, and Ann Thompson, all being parties interested in the property in question, should be made parties to this action. Therefore, defendant prays: that the said persons be made parties to this action; that a guardian *ad litem* be appointed to represent the said minors, and that process issue to all, to the end that whatever interest they may have in the premises may be adjudicated in this action.

4.

"Wherefore this defendant prays: that the complaint of the plaintiffs herein be dismissed for want of equity and that they take nothing by this action; that this defendant, The Planters National Bank of Mena, Mena, Arkansas, have judgment against the estate of Harrison, Thompson, deceased, for said sum of $2,200, together with interest from December 12, 1936, to date of said judgment, at the rate of 8 per cent. per annum; that this defendant have judgment against the plaintiffs and the estate of Harrison Thompson, deceased, for its costs herein laid out and expended; that the same be declared a lien upon the lands above mentioned; and that if the same be not paid within a time to be fixed by the court, said property be sold to satisfy the same; that the equity of redemption of all parties to this action in said lands be forever barred; that a commissioner be appointed to make said sale and execute said decree; and that this defendant have all other just and equitable relief to which this court considers it entitled."

Maggie Townsend and Minnie L. Thompson, guardian, filed a reply to the amended and substituted answer of the Planters National Bank of Mena as follows:·

"Come the plaintiffs, Maggie Townsend and Minnie L. Thompson, as the natural guardian and next friend of Frank, John, Ben, and Ann Thompson, and for their reply to the amended and substituted answer of the Planters National Bank of Mena,

"First: Deny each and every material allegation of the said amended and substituted answer.

"Second: Further replying plaintiffs allege that under the provisions of its mortgage the bank is estopped to plead the statute of limitations against the claims of the plaintiffs.

"Third: That the deed from B. F. Thompson to Harrison Thompson, in effect, created a trust relation and the statute of limitations could not begin to run against the claims of the plaintiffs as long as that relation existed.

"Wherefore, the premises considered, the plaintiffs pray that their claims be decreed to be a first lien on the land and that the land be sold in satisfaction thereof, and for all proper, general and equitable relief."

The plaintiffs then filed a motion to dismiss the cause of action against the administrator as follows:

"Come the plaintiffs and dismiss their complaint herein as to the administrator, Jim Keyes, because:

"First: Neither the plaintiffs nor the defendant, Planters National Bank of Mena, pray for judgment against the estate of Harrison Thompson and neither is entitled to judgment in this cause against said estate, and the administrator is not a necessary party.

"Second: Because the defendant, Planters National Bank of Mena, in its answer set out all of the heirs who have or could have any interest in the estate of Harrison Thompson and asked that all of said parties be made parties to this suit, and the said parties have been, at the instance of the Planters National Bank of Mena, made parties and have been duly summoned."

On the 11th day of April, 1938, the trial court denied the motion and entered the following order:

"On this 11th day of April, 1938, the first day of the regular April term of this court, came on for hearing the motion of the plaintiffs herein to dismiss as to the administrator of the estate of Harrison Thompson, deceased: all parties appeared by their attorneys; and the motion was submitted to the court upon the pleadings and argument of counsel; whereupon the court after being well and sufficiently advised in the premises and after due

consideration and deliberation did find that the said administrator was a necessary party to the action and that this motion came too late, being after issue joined.

"Therefore, it is, by the court, considered, ordered and adjudged: That the motion be denied and overruled; that the administrator, Jim Keyes, be given ten days to answer; and that the plaintiffs pay the costs of this motion."

Thereafter, James Keyes filed a separate answer as follows:

"Comes now the defendant, James Keyes, administrator of the estate of Harrison Thompson, deceased, and for his answer to the complaint of the plaintiff herein states:

"Denies that on September 26, 1917, B. F. Thompson executed to his son, Harrison Thompson, a deed to the lands mentioned and described in the complaint of plaintiff; denies that the consideration expressed in said deed was $1,000 paid and $1,000 to be paid to each of the other parties named in the complaint; denies that a lien was retained in said deed to secure payment of the alleged residue of the purchase money; defendant denies that the said B. F. Thompson had conveyed to his two children, Dora Keyes and Frank Thompson, 80 acres of land as alleged in the complaint; denies that the execution of said deeds to Dora Keyes and Frank Thompson and the provisions in the deed to Harrison Thompson were by the said B. F. Thompson intended to be a distribution of his estate among his said children; denies that Harrison Thompson made settlement with all the children named except the plaintiffs; denies that plaintiffs have received no part of the amount which was directed to be paid to them in said deed.

"Defendant further answering denies each and every allegation set forth in the complaint of the plaintiff, except that this defendant admits that the said Harrison Thompson died as alleged in plaintiff's complaint and admits that this defendant is the duly appointed, qualified and acting administrator of the estate of said decedent.

"Defendant denies that estate owes debts in addition to the claims of the plaintiffs which amount to as much or more than the assets in his hands belonging to said estate.

"Further answering defendant says that neither the plaintiffs nor his co-defendant have ever presented any claim for probate against the estate of the said Harrison Thompson, deceased, and no claim in favor of either of them has ever been probated or allowed and that the assets of the estate in his hands are ample to pay all probated claims without the lands described in plaintiffs' complaint and that, therefore, this defendant is not a necessary or proper party to this action.

"Wherefore, defendant prays judgment on this his answer and that the plaintiffs take nothing as against him and that he recover all his costs in this suit expended and for all further legal, equitable and proper relief."

The cause was submitted to the trial court on the 18th day of May, 1938, upon the pleadings, exhibits thereto and the oral testimony of Mrs. Maggie Townsend and Mrs. Minnie L. Eddleman, Tom Rials and J. V. Townsend on behalf of the plaintiffs and Fred Embry on behalf of the Planters National Bank, resulting in the following finding by the court:

"That the court has jurisdiction of the parties and subject-matter of this cause and finds: 'That since this suit was instituted one of the plaintiffs, Florence Taylor, departed this life; that she made a will bequeathing to Minnie L. Thompson for the use of Frank, Jr., John, Ben, and Ann Thompson, the children of Minnie L. Thompson and of Frank Thompson, deceased, all amounts due her by the estate of H. Thompson; that said will has been duly probated; that upon the death of Florence Taylor her cause of action was revived in the name of Minnie L. Thompson as the guardian and next friend of the said minor children; that since said revival of said cause Minnie L. Thompson has married Ira Eddleman; that Maggie Townsend was Maggie Bales.

"The court further finds that Harrison Thompson died on November 14, 1937; that he had never been married; that James Keyes is the administrator of his estate;

and that there are no persons interested by inheritance in the estate of Harrison Thompson except Dora Keyes, Maggie Townsend, Rose Mantooth, Scottie Taylor, Maude Mims, and the minor children of Frank Thompson, deceased; that J. D. Taylor, named as one of the defendants, is the husband of Florence Taylor, deceased, but has no interest in the estate of Harrison Thompson, his wife having by will bequeathed her interest to the children of Frank Thompson.

"The court further finds that B. F. Thompson had eight children; that desiring to divide his property among his children he gave Dora Keyes and Frank Thompson each eighty acres of land and executed a deed to Harrison Thompson to the following lands: (Particularly describing the 240-acre tract in question.)

That the deed acknowledged the receipt of $1,000 and the balance of the consideration was that Harrison Thompson would pay Maggie Bales, Scottie Taylor, Rose Mantooth, Florence Taylor, and Maude Mims, children of the grantor, the sum of $1,000 each, and it was expressly provided that a lien was retained upon said land to secure payment of the amounts as stated.

"That Harrison Thompson paid Dora Keyes, Maude Mims, Rose Mantooth, and Scottie Taylor the amounts mentioned, but did not pay Maggie (Bales) Townsend and Florence Taylor; that there is now due each of them the sum of one thousand dollars with interest at the rate of 6 per cent. per annum from the 29th day of September, 1933, making a total due each of them of one thousand, two hundred seventy-eight and 16/100 dollars ($1,278.16); that there is a valid lien against the land aforesaid for said amounts.

"The court further finds that on the 29th day of September, 1933, Harrison Thompson, to secure the payment of a note for twenty-two hundred dollars ($2,200) bearing interest at 8 per cent. per annum, executed a mortgage to the Planters National Bank of Mena, on the lands herein described; that nothing has been paid on the principal and there is now due on the interest $256.91, making a total of $2,456.91; that said mortgage was executed subject to a prior lien on said lands for the payment

of two thousand dollars, being the debt found herein to be due Maggie Townsend and Minnie L. Eddleman as guardian.

"It is, therefore, by the court considered, adjudged and decreed that the plaintiffs, Maggie Townsend and Minnie L. Eddleman, as guardian and next friend, each have and recover $1,278.16, with interest from the date until paid at the rate of 6 per cent. per annum; that the Planters National Bank of Mena have judgment against said lands and the administrator of the estate of Harrison Thompson in the sum of $2,456.91, with interest from this date until paid at the rate of 8 per cent. per annum; to secure the payment of the judgments the parties have liens on the land described herein, which are prior and paramount to any right, title, claim, interest, equity or estate of any parties defendants herein, or any one claiming through, by or under them, except that the lien of Maggie Townsend and Minnie L. Eddleman is superior to the lien of the Planters National Bank of Mena. It is further considered, ordered, adjudged and decreed that if the sums herein mentioned are not immediately paid with the costs of this action, the commissioner of this court, after he shall have advertised the time, terms, and place of the sale for 30 days publication in some newspaper in Polk county, Arkansas, having a *bona fide* circulation therein by at least two insertions, sell at the west door of the courthouse, in the city of Mena, at public outcry to the highest bidder, on a credit of three months, the lands herein described. The purchaser at such sale shall be required to give bond with approved security for the payment of the purchase price and a lien shall be retained on said land to further secure such purchase price; provided that if Maggie Townsend shall become the purchaser at such sale for an amount in excess of the judgment in her favor, in lieu of giving bond she may credit the amount of her bid, less the commissioner's fee, upon the judgment herein rendered at the time of the confirmation of such sale, which credit shall be an extinguishment of this judgment to the extent of such credit; and, provided further, that if her bid shall exceed the amount of the judgment, she shall be required to give

bond only for the overplus. The same provisions shall apply to Minnie L. Eddleman in the event she should become the purchaser. If the Planters National Bank becomes the purchaser at such sale, it shall only be required to give security for the payment of the amounts adjudged to be due Maggie Townsend and Minnie L. Eddleman, guardian, and whatever amount its bid is in excess of the amounts due said parties combined with the judgment of the Planters National Bank.

"It is further considered, ordered, adjudged and decreed that, upon a sale of said lands and property as aforesaid, and confirmation thereof by this court, all of the right, title, claim, interest, equity, or estate of the parties connected with this suit either plaintiffs or defendants in and to said property, and every part thereof, shall be and same is hereby decreed to be forever barred and foreclosed, including all rights or possibility of dower and homestead of any of said parties.

"It is further considered, ordered, adjudged and decreed that M. M. Martin, chancery clerk, be and he is hereby appointed commissioner of this court to execute this decree, to make the sale aforesaid, and report his actions hereunder to this court. The plaintiffs shall pay all costs that they have caused to accrue and the Planters National Bank shall pay all costs that it has caused to accrue; the commissioners (and costs of sale) shall be divided equally between the plaintiffs and the Planters National Bank.

"From the proceeds of the sale the commissioner shall first pay the cost of sale, the amounts adjudged to be due Maggie Townsend and Minnie L. Eddleman, guardian and next friend, then the Planters National Bank of Mena, and if there should remain any balance pay the same to James Keyes, administrator.

"And the court doth retain control of this cause for such further orders as may be necessary to enforce and protect the rights of the parties hereto, as well as any who may subsequently become parties hereto by proper proceedings."

Appellants have duly prosecuted an appeal to this court from the findings and decree of the trial court.

The record reflects that Florence Taylor and Maggie Townsend were the daughters of B. F. Thompson and that he had six other children; that prior to the execution of the deed by him to Harrison Thompson on September 26, 1917, he had conveyed to two of them, Dora Keyes and Frank Thompson, each, 80 acres of land; that the deed he made to Harrison Thompson did not mention Dora Keyes and Frank Thompson, to whom he had theretofore conveyed lands; that the deed contained the names of the other six children; that in addition to the consideration mentioned in the deed to Harrison Thompson it was provided among other things and as a part of the consideration therefor that Harrison Thompson should support the grantor, B. F. Thompson, for and during his life; that the deed also referred to the five persons to whom Harrison Thompson should pay $1,000 each in the year 1918 as his heirs. These circumstances indicate that in selling the land to Harrison Thompson his father was parting with all of his property else he would not have required Harrison Thompson to support him during his life. We think it reasonably inferable that in making the deed his purpose was to equalize his children in the disposition of his property by requiring his grantee to pay each of the heirs who had received nothing up to that time $1,000 each, and, therefore, we cannot agree with the learned attorneys for appellant that the sale of the land by B. F. Thompson to Harrison Thompson, his oldest son, was a common bargain and sale proposition and created the relationship of debtor and creditor, with security, between B. F. Thompson and Harrison Thompson. We do not think it can be said that the five heirs to whom Harrison Thompson was required to pay $1,000 each were constituted agents under the deed to collect the money for B. F. Thompson, the grantor. We think it very clear that B. F. Thompson expected each of the heirs mentioned in the deed to receive $1,000 each for their several benefits as a part of the consideration for the conveyance of the 240-acre tract. It is true that B. F. Thompson retained a vendor's lien to enforce the payment of the balance of the purchase money, but it was for the security of the five heirs he

mentioned in the deed and not a security for himself. The testimony reflects that the plaintiffs in this action, who were two of the heirs mentioned in the deed, were never paid the $1,000 each by Harrison Thompson and that when he executed the mortgage to the Planters National Bank he placed a provision in it recognizing his indebtedness to the plaintiffs and his obligation to pay same. He specifically states in the mortgage executed by him to the Planters National Bank that the mortgage he was giving it was inferior to the vendor's lien securing his indebtedness of $2,000 and interest to the plaintiffs. It is true that the plaintiffs' right of action accrued in 1918 and that more than five years had elapsed before the mortgage was executed to appellant and before the institution of this suit, but one may toll the statute of limitations by a written recognition of the debt either before or after the statutory bar.

We think the provision in the mortgage executed by Harrison Thompson to the Planters National Bank of Mena was a written recognition or acknowledgment that he owed the plaintiffs $2,000 which was secured by a vendor's lien on the property he was mortgaging to it and that a consideration for giving it the mortgage was that the mortgage should be inferior to the vendor's lien on said tract of land securing the indebtedness he owed to appellees as a part of the purchase money to the very land he was mortgaging to it. This suit was instituted within five years after the written acknowledgment of the indebtedness. The language used by Harrison Thompson was that he warranted the title to it as "against all lawful claims except a prior lien for $2,000 in an undivided one-third interest in and to this land to which this mortgage (meaning the bank's mortgage) is inferior."

This court said in the case of *Haney* v. *Holt,* 179 Ark. 402, 16 S. W. 2d 569, that: "He (referring to a second mortgagee) purchases only the surplus or residuum after satisfying the other incumbrances; if a mortgage expressly provides that it shall be subject to a prior mortgage, it is subject to it independently of the fact that the prior mortgage is not of record. The plain-

tiffs, by accepting their subsequent mortgage under the circumstances aforesaid, ceased to be strangers to the defendant's prior mortgage, and were thereby brought into contractual relations with said mortgagee." And, also, said in the case of *Clapp Bros. & Co.* v. *Halliday Bros.*, 48 Ark. 258, 2 S. W. 853, that: "A mortgagee who accepts a mortgage which recites a prior mortgage of the same property, and provides for its payment, is estopped to deny the existence of the prior mortgage, or the validity of its lien, though it be not acknowledged and recorded as required by the statutes; but he does not, by his acceptance, assume the payment of the first mortgage above the value of the mortgaged property which he receives." And, also, said in the case of *Gunnels* v. *Farmers' Bank of Emerson*, 184 Ark. 149, 40 S. W. 2d 989, that: "One who takes a mortgage reciting that it is a second mortgage is not entitled to assert that the prior mortgage is barred by reason of failure to indorse a memorandum on the record of a renewal note secured by the prior mortgage as the second mortgagee contracted with reference to the first mortgage."

The mortgage the bank took from Harrison Thompson was ample notice to the bank that a vendor's lien had been retained on the whole property to secure the balance of the purchase money and by making any kind of investigation it could have ascertained that the unpaid purchase money amounting to $2,000 was due the plaintiffs in the case and not to anyone of the others mentioned in the deed. We think the debt was sufficiently identified by the writing itself, but certainly so by the oral evidence which in no way contradicted the written instrument. The clause in the mortgage was a written acknowledgment on the part of Harrison Thompson that he owed the debt and it was a written contract and agreement on the part of the bank that the $2,000 and interest should be paid before the bank was paid the amount expressed in its mortgage. Our conclusion based upon the written statement in the bank's mortgage that its mortgage was inferior to the vendor's lien of appellees and that appellees' vendor's lien was prior to that of the

bank clearly estopped the bank from pleading the statute of limitations even as a general creditor of the estate of Harrison Thompson, deceased, or under the theory that it, the bank, was a third party or a stranger to the contract.

It is true that there is some uncertainty in the provision as to whether the bank's mortgage was subject to a lien on a one-third interest to the property or to a lien upon the whole property, and in view of the fact that the bank itself wrote the mortgage and the language used must be given the strongest construction possible against the party drafting the mortgage, and in view of the fact that it was talked over by the cashier, attorney of the bank, and Harrison Thompson and the deed itself reflected that the vendor's lien covered the entire property, we think the construction should be given the clause that the bank's mortgage was subject to the vendor's lien upon the whole property for the balance of the purchase money. In arriving at our conclusion we have only considered the evidence to which objections were not made, hence it becomes unnecessary to determine whether the administrator, James Keyes, was a necessary party or whether the testimony objected to was admissible.

No error appearing, the judgment is affirmed.